998 F.2d 1019
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Shanda HAWKINS, Appellant.
 No. 93-1716.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 16, 1993.
Filed: July 7, 1993.
 
 Appeal from the United States District Court for the District of Nebraska.
 D.Neb.
 AFFIRMED.
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Shanda Hawkins appeals the fifteen-month sentence imposed on her by the district court[1] following her guilty plea to misprision of a felony, a violation of 18 U.S.C. § 4. We affirm.
 
 
 2
 Shanda Hawkins was originally charged, along with her boyfriend, Kelvis Ross, with a drug offense. Pursuant to a plea agreement, she pleaded guilty to a subsequent one-count information charging her with misprision of a felony committed by Ross, namely, distribution of crack cocaine. The original drug offense against Hawkins was then dismissed. The PSR set Hawkins' base offense level at 17 under U.S.S.G. § 2X4.1 and recommended a three-level reduction for acceptance of responsibility. The PSR did not recommend a reduction under U.S.S.G. § 3B1.2 for a mitigating role in the offense. With a total offense level of 14 and a criminal history category of I, the guidelines range was 15 to 21 months. Hawkins objected to the PSR's recommendation that she not be given a reduction under § 3B1.2, arguing that she was less culpable than Ross and was only a minimal or minor participant in his criminal activity. She also asked the district court to depart downward from the guidelines sentencing range based upon her age and limited involvement in and gain from the offense, and based upon the disruption of her child's life and the fact that Ross had used her to achieve his criminal purposes. The district court overruled the objection and denied the request for a downward departure.
 
 
 3
 To the extent Hawkins argues on appeal that the district court erred in failing to reduce her base offense level under § 3B1.2, we conclude her argument has no merit. Hawkins argues that she was less culpable than Ross, and thus was entitled to a reduction for her lesser role in the offense. As the district court indicated, however, Hawkins was not sentenced based on the underlying offense committed by Ross. She was sentenced for the lesser offense of misprision of a felony. Her reduced culpability was taken into consideration in determining her base offense level. See U.S.S.G. § 2X4.1, comment. (n.2) (adjustment from § 3B1.2 normally does not apply in sentencing defendant for misprision of felony because adjustment for reduced culpability is incorporated in base offense level). The district court did not clearly err in determining that, in regard to the lesser offense for which Hawkins was sentenced, she was not a minimal or minor participant. See United States v. Nelson, 988 F.2d 798, 809 (8th Cir. 1993) (determination of defendant's role in offense is question of fact reviewed under clearly erroneous standard).
 
 
 4
 To the extent that Hawkins argues on appeal that the district court erred in failing to depart downward from the applicable guidelines range based upon her minimal or minor participation in the offense, we conclude this argument also has no merit. Under U.S.S.G. § 5K2.0, p.s., the district court may depart downward if it finds aggravating or mitigating circumstances of a kind or degree not adequately considered by the Sentencing Commission in formulating the guidelines. Here, the district court found no reason to depart, stating that the circumstances presented by Hawkins' case were adequately considered by the Sentencing Commission. We agree that sentencing reductions for a defendant's mitigating role were adequately considered by the Sentencing Commission.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable William G. Cambridge, United States District Judge for the District of Nebraska